# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| LUCAS EMHOF, | ) | |
| Plaintiffs, | ) | Case No. 2:14-cv-02134-LDG-GWF |
| vs. | ) | **ORDER** |
| NATIONSTAR MORTGAGE LLC dba CHAMPION MORTGAGE COMPANY, | ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on Defendant Nationstar Mortgage LLC's Motion to Stay Discovery (ECF No. 13), filed on May 11, 2016. Plaintiff did not file an opposition to this motion and the time for opposition has now expired.

## BACKGROUND

Plaintiff filed the instant action in state court on November 18, 2014. *Petition for Removal, (ECF No. 1), pg. 1, ¶ 1.* Defendants subsequently removed the case to this district on December 16, 2014. *Id.* The Complaint seeks to quiet title to certain real property purchased by Plaintiff at an HOA foreclosure sale by asserting claims of Quiet Title/Declaratory Relief and Preliminary/Permanent Injunction. *See Complaint (ECF No. 1-2).* Plaintiff asserts that at the time of the foreclosure sale, the property was encumbered by a deed of trust in the amount $125,000 owned by Defendant, but argues that the sale extinguished that interest in the property. *Id*.

Defendant filed a Motion to Dismiss (ECF No. 11) on May 11, 2016. Plaintiff filed a Response (ECF No. 14) on June 8, 2016, and Defendant filed a Reply (ECF No. 17) on June 24, 2016. Defendant's Motion to Dismiss requests that the Court dismiss Plaintiff's Complaint on the grounds that he fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6). Because Defendant's Motion to Dismiss is potentially dispositive of the entire case, Defendant argues that discovery in this matter should be stayed pending the resolution of its motion. This stay would relieve the parties of

1  incurring the potentially unnecessary expenses of discovery should the District Court grant the
2  Motion to Dismiss.

### **DISCUSSION**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The moving party carries the heavy burden of making a strong showing of why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F .R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. P. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group*, 294 F.R.D. at 581. It is well known that the purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of a complaint without subjecting themselves to discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). To establish good cause for a stay, the moving party must show more than an apparently meritorious Rule 12(b)(6) motion. *Turner Broadcasting System*, 175 F.R.D. at 556.

The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581. Common examples of when a stay is warranted are cases involving jurisdiction, venue, or immunity as preliminary issues. *Twin City Fire Ins. Co.*, 124 F.R.D. at 653. Furthermore, a stay of discovery might be appropriate where the complaint was utterly frivolous, or filed merely for settlement value. 4 J. Moore, *Federal Practice* § 26.70[2], at 461.

Fed. R. Civ. P. 12(b)(6) requires only that the Court determine whether the pleadings are sufficient to establish a claim, and does not require the Court to determine if the plaintiff could find

evidence to support the pleadings.  *Tracy v. United States*, 243 F.R.D. 662, 664 (D. Nev. 2007).  Fed. R. Civ. P. 12(b)(6) requires a plaintiff "to provide grounds of his entitlement for relief" which "requires more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

With the above standards in mind, the Court turns to its "preliminary peek" of Defendant's Motion to Dismiss, which Defendant makes under Rule 12(b)(6).  Defendant's Motion to Dismiss asserts the following five alternative arguments, any of which it believes will allow the Court to dismiss this matter with prejudice:

> First, federal preemption precludes extinguishment of this FHA loan.  Second, SFR [*Investments Pool 1 v. U.S. Bank*, 130 Nev. Adv. Op. 75, 334 P.3d 408 (2014)] should be applied prospectively only, for it establishes a new principle of law by overruling clear past precedent on which litigants may have relied and by deciding an issue of first impression whose resolution was not clearly foreshadowed.  Third, the CC&Rs attest to the preservation of the deed of trust after the foreclosure sale by the HOA.  Fourth, Plaintiff could not be a bona fide purchaser.
> 
> . . .
> 
> Finally, NRS Chapter 116 is unconstitutional on its face, void, and unenforceable.

*Motion to Dismiss (ECF No. 11), 2:24–28 through 3:1–4.*

Having reviewed Plaintiff's Complaint and the briefs on the motion to dismiss, the Court is not convinced to a certainty that Plaintiff cannot state a claim for relief against Defendant.  In addition, while most of Defendant's arguments can be decided purely on issues of law, its argument that Plaintiff was not a bona fide purchaser cannot.  Rather, that proposition requires a showing that Plaintiff knew or should have known before he purchased the subject property that there were genuine issues of material fact relating to Plaintiff's title.  This is an issue of fact, not of law.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant Nationstar Mortgage LLC's Motion to Stay Discovery (ECF No. 13) is **denied**.

DATED this 6th day of July, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

3